Chief Justice Robeetson,
delivered the opinion of the court.
By his last will, Matthew Parish devis-* ed a portion of his estate to his widow, and directed his executors to sell another portion for the benefit of his ;,<vo infant diiidsen, a daughter and a son; one moiety of the proceeds to be pa>d to the daughter when she should marry or attain twenty one years of age, and ...he other moiety to be paid to the son on his becoming twenty one years old; and then subjoined the following clause: “My children are to be supported and educated out of the estate now bequeathed to them, and in case of their death, without issue, my wife is to enjoy and have the benefit of their estate during* her life.”
The son having died an infant and without issue, Fforatio Griffith, who had married the widow and sold his interest (as we infer,) in her estate to J-ames Weia, filed a bill in chancery against the executors, claiming the interest devised to the son, and a balance charged to be in the hands of the executors belonging to the wife, under the absolute devise to her.
The executors denied that any of Mrs. Griffith’s estate was then in their hands so as to authorize a decree against them, and insisted that she had no right to the interest which had been devised to the son who had died, but that«his surviving sister claimed and was entb tied to it.
The circuit dpurt dismissed the bill absolutely.
Mrs. Griffith was a necessary parly, because' the chancellor should never aid the husband in getting the possession even of property which descends or is devised to her, during coverture, without securing to her an adequate provision if she need and desire it. Haviland vs. Bloom, V John. Cha. Reps. 464; II Kent’s Conor mentarics, 118-19.
Unless, therefore, the bill shoWá that the husband had no available right, the decree is erroneous in dismissing it absolutely, when, if he had such right, thq *601 dismission should have been without prejudice, tor want of proper parties. Hence, it is proper to ascertain whether there coal'd have been any decree against the executors if all the necessary parties liad been before the court. As to the interest of the deceased child, the bill itself shows that there is no equity.
Where nothiheWerafim.* port of a will, to be pursued,
Devise to chib dren, testator havins two, «and in ease without’s«ueh my wife is"to’ havethebeneñt of their estate during her life,” one dies without issfe,d!le j"dfo ¡ngt b 0
On this point it is difficult to ascertain satisfactorily the actual intention of the testator; nor ‘Can the legal effect of the will be established with absolute certainty by the application of the canons of construction. But, as there is nothing in the will which should control the literal import of the clause which has been quoted, it seems to us that the literal is the safer and more proper interpretation. And, according to this construction, Mrs. Griffith is not entitled to any of the estate devised to the children, as they have not both died under twenty one years of age and without issue.
This Conclusion is not weakened but fortified by a careful and proper consideration of all the provisions of thrv Kill - tnc Dill. .
The devise to thc children is in solido, although the legacies may be considered technically as several.
It was money, or ('which in law is the same thing,) property to .be converted into money, which was devised. '
it is not to be presumed that the testator intended that if his children or either of them should die childless, after receiving the mfoiey devised, it should not be distributed according to the law of distribution, nor be subject to the will of the legatees'themselves if they should choose to make wills, but should go to their mother during her life, and 'then be distributed by the lavv. We must infer, that the testator intended that his children should have the right to use the money devised to them as soon as it should be paid over to them. He could not, therefore, have intended that' the if mother should, in any event, bo entitled to it as his devisee, after such payment to them.
The testator intended to dispose tíf the legacies to ■his children, only in the event of their death before they were entitled by his will to the receipt or disposition of them.
*602 if one of the children íiad died without issue and under twenty one years of age, the survivor and the mother would have been entitled to the interest of such decedent, if the will had not provided for such a contingency; and the mother’s right would have been absolute, and not merely for life. But the testator did not intend thatthe law,in ¡my event,should disposeof the legacy to his children unless they should die intestate after they had become twenty one years of age. He, therefore, directed that if they should both die childless before they should be entitled to the receipt of their legacies, their mother should enjoy, during her life, the amount devised to therri. If only one should die without issue, and during minority,- the testator intended thatthe interest of the decedent should go to the survivor, and thatthe mother should have no right to it or any part of it, either as devisee or distributee.
The-contingent devise was intended as a limitation of the mother’s potential right. It would be difficult to find any motive for a devise to her, during life, of ike money of one of the children, notwithstanding the sur* worship of the other child. The legacies to the children are contingent cross remainders, to be vested in the su-rvivor in the event of either of them dying childless and in minority.
An analogous case is reported in Mason’s Reports, ’ Lillibridge vs. Adie, I Mason’s Reports, 224. In that -case a will similar to ibis was construed as we have in* '.-ierpreted this. There, the testator devised property to A and B, and in'the event oí their death, without issue, then to C and D: and it was held, that both A and B ■¡must have died without issue before C and D could have been entitled to any thing; and that on the -death-of A without issue, B, who survived, was the legatee-of A’s interest. It would have been proper,1 therefore, to dismiss the bill absolutely, so far as it claims any right to the legacy of the deceased child.
But,'as the bill also claimed asettleirtent ofthe claims of Mrs. Griffith to the estate devised to herself in the ■-.iirst instance, the circuit court erred in dismissing the whole bill absolutely; but, as to this latter claim, should only have dismissed the bill without prejudice.-
Mills and Brozen, for plaintiff.
Wherefore, the'decree is reversed, and the cause remanded, with- instructions to dismiss the bill absolutely so far as it claims any interest in the legacy to the ceased child; and either to dismiss it, as to the other claim, without prejudice, or to allow time for proper parlies to be made.